IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | **SEALED** |
| v. | § | CRIMINAL ACTION NO. 4:17-CR-83- |
| | § | SDJ-KPJ-1 |
| JERRY LYNN COLEMAN (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Petitioner Jerry Lynn Coleman's ("Petitioner") letter request for the appointment of new counsel on appeal ("Motion to Appoint Substitute Counsel") [Dkt. 172]. Therein, Petitioner seeks to replace his current appellate attorney, who was initially appointed by this Court to represent Petitioner at time of trial. After considering the Motion to Appoint Substitute Counsel [Dkt. 172], and all other relevant filings, the Court recommends the Motion to Appoint Substitute Counsel [Dkt. 172] be transferred to the Fifth Circuit for resolution.

### BACKGROUND AND ANALYSIS

On December 13, 2018, after jury trial, Petitioner was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession with the intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) [Dkt. 137]. During the pendency of his criminal case Petitioner requested appointment of substitute counsel on many occasions, filing numerous letters with the Court complaining of his then-counsel and/or requesting new counsel. A brief history of Petitioner's prior requests for new counsel follows.

On October 6, 2017, at his initial appearance before the Court, Petitioner was appointed counsel; the federal public defender's office was appointed to represent Petitioner [Dkt. 8]. On February 27, 2018, the federal public defender's office sought to withdraw as Petitioner's counsel,

citing Petitioner's express request that "another attorney be appointed to represent him" and the complete breakdown in communication between counsel and Petitioner [Dkt. 26]. At a hearing on March 2, 2018, the Court granted the request and thereafter appointed Reyes, a member of the Court's Criminal Justice Act ("CJA") panel, as counsel [Dkt. 27]. On July 13, 2018, Petitioner filed a letter motion with the Court requesting the removal of Reyes as counsel; on August 20, 2018, the Court allowed Reyes to withdraw as counsel after multiple meetings with Petitioner to resolve Petitioner's concerns [Dkts. 56; 59; 64 Sealed]. Thereafter, the Court appointed Smith, another member of the Court's CJA panel, who ultimately represented Petitioner at trial [Dkt. 68]. Petitioner also complained of his representation by Smith [Dkts. 78; 79; 117; 118; 125; 128]. During trial, in the interest of justice, an additional CJA lawyer, Greene, Petitioner's current counsel on appeal, was called in by the Court to assist previously appointed defense counsel at trial. Greene was co-counsel at trial and continued as counsel for Petitioner through sentencing [Dkt. 145]. Subsequent to trial, Smith asked to withdraw due to the relationship between himself and Petitioner becoming "completely and entirely unworkable" [Dkt. 143, Sealed]. After Smith's withdrawal, Petitioner's fourth appointed lawyer—Greene—remained counsel for sentencing [Dkts. 145; 146]. Sentencing proceeded on May 15, 2019; judgment was entered on May 17, 2019 [Dkts. 159; 160]. Greene continued to represent Petitioner, filing a Notice of Appeal on May 27, 2019 [Dkt. 162] and taking further steps to prosecute the appeal. *See* Initial Brief of Appellant, *United States v. Jerry Coleman*, No. 19-40488 (5th Cir. filed May 27, 2019), ECF No. 515203845. Greene is listed as counsel of record before the Fifth Circuit. *See* Notice of Appeal, *United States v. Jerry Coleman*, No. 19-40488 (5th Cir. filed May 27, 2019), ECF No. 514972962.

       Petitioner now asks the Court to remove his current (and fourth) appointed lawyer, Greene, and provide him yet another (fifth) lawyer for his appeal [Dkt. 172]. Specifically, Petitioner claims

he did not consent to Greene's appointment, Greene lacks knowledge about Petitioner's suppression hearing, and Greene did not discuss, with Petitioner, his presentence investigation report in advance of Petitioner's sentencing hearing [Dkt. 172]. Petitioner asks the Court to appoint "proper counsel who serves primarily as an appe[llate] lawyer" [Dkt. 172 at 1]. Notably, on February 10, 2020, Petitioner also filed a letter motion with the Fifth Circuit Court of Appeals requesting a stay of his appeal and alleging therein attorney misconduct on the part of Greene. *See* Letter Motion Filed by Appellant, *United States v. Jerry Coleman*, No. 19-40488 (5th Cir. filed May 27, 2019), ECF No. 515307787. Such letter motion remains pending before the Fifth Circuit; no action has been taken on the letter motion. Prior to the filing of his request for stay with the circuit court, on August 14, 2019, Petitioner filed the instant Motion to Appoint Substitute Counsel, which was referred to the undersigned for consideration by United States District Judge Sean D. Jordan [Dkt. 174].

To the extent Petitioner seeks to substitute counsel to represent him on appeal, he is of course free to retain counsel of his choosing. To the extent he is asking for yet another appointed counsel on appeal, Petitioner's request cannot be determined on the merits by this Court. As other district courts in the Fifth Circuit have previously found, a motion to substitute counsel on a case that is currently on appeal before the Fifth Circuit is best addressed by the Fifth Circuit—not the district court. *See, e.g.*, *United States v. Hinojosa*, Cr. No. C-09-480, 2010 WL 11614344, at *1 (S.D. Tex. Jan. 21, 2010) ("Because his appeal is currently before the Fifth Circuit, his motion for substitution of counsel is properly addressed by that Court."); *United States v. Ayers*, Cr. No. C-07-57 (3), 2007 WL 2427832, at *1 (S.D. Tex. Aug. 22, 2007) ("Because Ayers' appeal is currently before the Fifth Circuit Court of Appeals, his motions for substitution of counsel are properly addressed by that court."); *see also* Fifth Circuit Plan under the Criminal Justice Act, § 5(B) ("If a

party represented by appointed counsel wishes the court of appeals to relieve counsel and appoint new counsel, he or she must file with the clerk a legible motion asking for that relief."). Because Petitioner's appeal is currently before the Fifth Circuit, his Motion to Appoint Substitute Counsel is properly addressed on the merits by that Court. Moreover, Petitioner already has a request pending before the Fifth Circuit related to his dissatisfaction with his current appellate counsel, further buttressing that the instant Motion to Appoint Substitute Counsel should be transferred and considered by the appellate court.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's Motion to Appoint Substitute Counsel [Dkt. 172] be transferred to the Fifth Circuit for consideration and resolution.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 9th day of April, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE